# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARY HAMILTON, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br><br>US BANK, N.A., et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 11CV977 DMS (RBB)<br><br>**ORDER (1) GRANTING DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS, (2) DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, AND (3) GRANTING DEFENDANT HOME SALES, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

　　　　Pending before the Court are (1) a motion to dismiss Plaintiffs' Complaint by Defendant JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC ("JPM") (Doc. 3), (2) Plaintiff's motion for default judgment against Defendants U.S. Bank, N.A., Home Sales, Inc., Randall D. Naiman, and Naiman Law Group PC (Doc. 20), and (3) a motion to set aside entry of default by Defendant Home Sales, Inc. (Doc. 24). The motions for default judgment and to set aside entry of default are set for hearing on Friday, August 12, 2011. The matters are suitable for submission without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, (1) JPM's motion to dismiss is granted without prejudice, (2) Plaintiffs' motion for default judgment is denied, and (3) Home Sales, Inc.'s motion to set aside entry of default is granted.

//

//

# I.

# BACKGROUND

Plaintiffs allege they entered into a residential mortgage agreement with Downey Savings Bank, FSB in December 1999 and that Downey Savings Bank subsequently sold the note to a mortage-backed security. (Complaint ¶ 4.) Plaintiffs further allege they "have been unable to make the monthly payments on the subject property for some time now." (*Id.*) U.S. Bank claims to have the power to enforce the note on the property. (*Id.*) However, Plaintiffs allege no Defendant is in possession of the note and, therefore, Defendants do not have authority to foreclose upon the subject property.

Plaintiffs filed a Complaint on May 5, 2011. (Doc. 1.) The Complaint sets forth seven claims for relief against all Defendants: (1) to quiet title, (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), (3) violation of 42 U.S.C. § 1983, (4) violation of the Real Estate Settlement Procedures Act ("RESPA"), (5) wrongful foreclosure, (6) slander of title, and (7) fraudulent inducement. JPM filed a motion to dismiss the Complaint on June 9, 2011. (Doc. 3.) Plaintiffs filed an opposition to the motion to dismiss and JPM filed a reply. (Docs. 23, 33.) Upon Plaintiffs' request, the Clerk entered default against Defendants Home Sales and U.S. Bank on June 20, 2011. (Doc. 8.) However, the Clerk did not enter default as to Defendants Randall D. Naiman and Naiman Law Group. (Doc. 11.) On July 1, 2011, Plaintiffs filed a motion for default judgment. (Doc. 20) Home Sales subsequently filed a motion to set aside entry of default against it on July 13, 2011. (Doc. 24.)

# II.

# DISCUSSION

**A.    Motion to Set Aside Entry of Default**

Upon Plaintiffs' request, the Clerk entered default against Home Sales, Inc. on June 20, 2011. (Doc. 8.) Home Sales now moves the Court to set aside the entry of default. Plaintiffs did not file an opposition to the motion. The Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *TCI Group Life Ins. Plan v.*

*Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001); *Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court can deny the motion if consideration of any of the three factors weighs in favor of maintaining the default. *Franchise Holding*, 375 F.3d at 926 (citing *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). The defaulting party bears the burden of showing the default should be set aside. *Id*. However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)(quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). A court's discretion to set aside a default is "especially broad" where an entry of default, as opposed to a default judgment, is being set aside. *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

Home Sales claims it failed to timely file a responsive pleading due to an error in calculating the filing deadline. A consideration of the factors relevant to determining whether good cause exists supports setting aside the default entered against Home Sales. Home Sales does not appear to have engaged in culpable conduct in failing to timely respond. *See Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697)("[A] movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'"). Home Sales also states meritorious defenses to Plaintiffs' claims in its motion to set aside the entry of default. *See id.* at 1094 ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense."). Finally, in light of the early stage of the litigation, Plaintiffs will not be prejudice by setting aside the entry of default. Accordingly, Home Sales' motion to set aside entry of default is **granted.**

B.     **Motion for Default Judgment**

Plaintiffs move for default judgment against Defendants U.S. Bank, N.A., Home Sales, Inc., Randall D. Naiman, and Naiman Law Group PC. Because the Court grants Home Sales' motion to set aside entry of default, Plaintiffs' motion for default judgment as to Home Sales is **denied as moot**. As to Defendants Randall D. Naiman and Naiman Law Group PC, the Clerk did not enter default as

to these Defendants. (Doc. 11.) Furthermore, they filed a responsive pleading on July 14, 2011. (Doc. 28.) Accordingly, Plaintiffs' motion for default judgment as to them is **denied**.

Finally, as to Defendant U.S. Bank, Federal Rule of Civil Procedure 55(b)(2) allows for entry of default judgment by the Court. "A plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F. Supp. 2d 1069, 1093 (S.D. Cal. 2001) (citations omitted). In exercising that discretion, the following factors are considered: "'(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.'" *Id.* (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). Consistent with this last factor, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004)(citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Here, consideration of these factors warrants denial of Plaintiffs' motion as to U.S. Bank. As an initial matter, Plaintiffs' motion does not address the merits of their Complaint and merely states that the Court is required to enter default judgment. In contrast, U.S. Bank has filed an opposition to Plaintiffs' motion setting forth meritorious defenses to Plaintiffs' Complaint. Plaintiffs did not file a reply to the opposition. Furthermore, U.S. Bank has filed a motion to set aside entry of default, which is set for hearing before the Court on September 16, 2011, and which sets forth facts indicating its default was due to excusable neglect. (Doc. 39.) Finally, Plaintiffs will not be prejudiced by denial of their motion for default judgment at this early stage of the proceedings. In light of these considerations and the strong policy in favor of issuing decisions on the merits, Plaintiffs' motion for default judgment as to Defendant U.S. Bank is **denied.**

**C.    Motion to Dismiss**

Defendant JPM filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules

require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

As an initial matter, JPM argues the Complaint should be dismissed as to it because it had no involvement with the mortgage loan to Plaintiffs at issue and was merely the servicer of a second loan to Plaintiffs, which did not result in a trustee's sale. The Complaint contains only one allegation as to JPM specifically. (*See* Complaint ¶ 32 ("Chase Home Finance, LLC is named as a Defendant in this matter because they appear to have purchased the subject property in an illegal foreclosure sale in December of 2010.").) However, the Trustee's Deed Upon Sale states that Homesales, Inc. in fact purchased the property at the trustee's sale on December 2, 2010. (RJN Ex. 6.)[1] JPM argues it was, at most, the servicer of Plaintiffs' second home equity line of credit ("HELOC") loan and, although Plaintiffs also defaulted on the HELOC loan, a Notice of Trustee's Sale was never recorded in connection with the HELOC and the allegations in the Complaint center on Plaintiff's first mortgage loan. (*See* Complaint Ex. A (1999 Deed of Trust and 2000 HELOC Deed of Trust), Ex. D (Notice of

---

[1] In connection with its motion to dismiss, JPM requests the Court to take judicial notice of several documents that have been recorded in the San Diego County Recorder's Office. As these documents are public documents capable of accurate and ready determination, they are subject to judicial notice under Federal Rule of Evidence 201 and JPM's request is granted.

Default under 1999 Deed of Trust); RJN Ex. 8.) Plaintiffs argue in opposition that "statements were made over the phone by both real estate agents and employees of HOME SALES, INC. that CHASE HOME FINANCE, LLC was the real buyer of the subject property, while using HOME SALES, INC. as a straw-man or proxy." (Opp. at 1.) However, no such allegations are made in the Complaint. JPM further argues, even if it was rightly named as a Defendant, Plaintiffs has failed to adequately plead any claims against it. The Court address Plaintiffs' claims in turn.

### 1. 42 U.S.C. § 1983

In order to assert a claim under § 1983, a plaintiff must establish a violation of a right secured by the Constitution of laws of the United States by a defendant acting under the color of law. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). There are no allegations in the Complaint that JPM was acting under the color of law or engaging in anything other than private conduct. Accordingly, JPM's motion to dismiss this claim is **granted without prejudice**.

### 2. FDCPA

Plaintiffs allege that Defendants violated the FDCPA by failing to demonstrate their standing to commence and conduct nonjudicial foreclosure proceedings because they cannot produce the note and because no Assignment of the Deed of Trust was recorded. (*See* Complaint ¶¶ 8, 11, 26, 32-34, 62.) However, Plaintiffs do not allege that JPM is a debt collector within the meaning of the FDCPA, which defines a "debt collector" as any person "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6). Furthermore, the FDCPA does not apply to collection efforts related to mortgage loans and the nonjudicial foreclosure process. *See, e.g., Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Gardner v. Am. Home Mortg. Serv., Inc.*, 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010); *Tina v. Countrywide Home Loans, Inc.*, 08cv1233 JM (NLS), 2008 WL 4790906, at *7 (S.D. Cal. Oct. 30, 2008). Accordingly, JPM's motion to dismiss this claim is **granted without prejudice.**

### 3. Quiet Title

To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Pro. § 761.020. JPM argues its does not state an adverse claim against Plaintiffs and there are no allegations in the Complaint that it does, Plaintiffs do not allege tender or an offer of tender, and the remaining Defendants are not required to physically possess the Note in order to proceed with the nonjudicial foreclosure process. The Court agrees that the Complaint does not contain sufficient allegations to state a plausible claim to quiet title as to JPM. Accordingly, JPM's motion to dismiss this claim is **granted without prejudice.**

### 4. Wrongful Foreclosure

JPM argues there are no allegations in the Complaint that it was involved in the foreclosure and Plaintiffs have therefore failed to state a plausible claim for wrongful foreclosure as to it. The Court agrees. JPM's motion to dismiss this claim is **granted without prejudice.**

### 5. Slander of Title

The elements of a claim for slander of title are: (1) publication, (2) absence of justification, (3) falsity, and (4) direct pecuniary loss. *Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (1987). Plaintiffs allege "Defendants arranged to file a Notice of Default, is an act of slander of title, whereby, they claim under the color of law and under the official trappings of official looking documents, ownership of our private property." (Complaint ¶ 130.) However, Plaintiffs do not plead sufficient factual allegations to state a plausible claim that either of the Notices of Default were fraudulently recorded, nor do they plead any facts in support of a plausible claim of slander of title by JPM. According, JPM's motion to dismiss this claim is **granted without prejudice**

### 6. Fraudulent Inducement

To recover for common law fraud under California law, Plaintiffs must demonstrate: (1) misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damage. *Lazar v. Super. Ct.,* 12 Cal.4th 631, 638 (1996). Claims of fraud are subject to the

heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C. D. Cal. 2003). Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003). A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)(quotation omitted). The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04. In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (quotation omitted). As discussed above, Plaintiffs' allegations as to JPM fall short of the heightened pleading standard set forth in Rule 9(b) and JPM's motion to dismiss this claim is **granted without prejudice.**

### 7. RESPA

Plaintiffs allege Defendants failed to respond to their requests for disclosures as required by 12 U.S.C. § 2605(e). (Complaint ¶ 94 ("Defendants in this matter have not responded to our request to validate the debt as required in the Qualified Written Request, therefore the obligation is extinguished."), Ex. G.) JPM argues there are insufficient allegations that the documents attached to the Complaint addressed to JPM constitute qualified written requests within the meaning of RESPA and that it had no obligation to respond to Plaintiffs' letters because it was not involved in the mortgage loan at issue. JPM further argues Plaintiffs have failed to sufficiently allege pecuniary loss caused by the alleged violation of RESPA. *See* 12 U.S.C. § 2605(f)(1)(A). Plaintiffs attach two documents to their Complaint addressed to Chase Home Finance, both dated November 5, 2010, which state they are qualified written requests within the meaning of RESPA and request documents from JPM, some of which relate to the servicing of Plaintiffs' loans. (Complaint Ex. G.) However, Plaintiffs fail to allege JPM was a servicer of their mortgage loan (*see* Complaint ¶ 32), and allege no facts as to their HELOC loan. Accordingly, JPM's motion to dismiss this claim is **granted without prejudice.**

//

## III.

## CONCLUSION

For the foregoing reasons, (1) JPM's motion to dismiss is granted without prejudice, (2) Plaintiffs' motion for default judgment is denied, and (3) Home Sales, Inc.'s motion to set aside entry of default is granted. Plaintiffs may file an amended Complaint consistent with this Order on or before August 24, 2011. Defendant Home Sales, Inc. shall file a responsive pleading within the earlier of seven days after Plaintiffs file an amended Complaint or seven days after August 24, 2011.

**IT IS SO ORDERED.**

DATED: August 8, 2011

_____
HON. DANA M. SABRAW
United States District Judge