# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GARY HAMILTON, *et al.*, <br><br> Plaintiffs, <br> vs. <br> US BANK, N.A., *et al.*, <br><br> Defendants. | Case No. 11cv977 DMS (RBB) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

In this mortgage foreclosure action, pending before the Court are (1) a motion to dismiss filed by Defendants Home Sales, Inc.; (2) a motion to dismiss, or in the alternative for a more definite statement, filed by Defendant U.S. Bank, N.A.; and (3) a motion to dismiss first amended complaint, to strike it pursuant to California Code of Civil Procedure Section 425.16, or alternatively for a more definite statement, filed by Defendants Randall D. Naiman and Naiman Law Group. Plaintiffs, proceeding *pro se*, opposed all motions and Defendants replied. For the reasons which follow, Defendants' motions to dismiss are **GRANTED**. Their alternative motions for a more definite statement or to strike the first amended complaint are **DENIED** as moot.

## Factual and Procedural Background

According to the First Amended Complaint, in or about December 1999 Plaintiffs purchased their residence located at 17576 Via del Bravo in Rancho Santa Fe, California ("Property"). They borrowed $700,000 from Downey Savings & Loan Association, F.A. ("Downey"), and secured the loan by a Deed of Trust on the Property. (*See* First Am. Compl. Ex. A.) Downey subsequently sold

1 the note to a mortgage-backed security. (*See, e.g.*, First Am. Compl. at 18.) Some time before February 26, 2010, Defendant U.S. Bank, N.A. (U.S. Bank") became a successor-in-interest to the Federal Deposit Insurance Corporation as receiver for Downey. (*Id.* Ex. C; *see also id.* at 5.)

Plaintiffs defaulted on the loan, and admit they "have been unable to make the monthly payments . . . for some time now." (First Am. Compl. at 6.) On November 25, 2009, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the Property. (HomeSales, Inc.'s Req. for Jud. Notice, Ex. 3.)[1] In the notice, Plaintiffs were notified they could bring their account current by paying $17,652.94.

At a non-judicial foreclosure sale held December 2, 2010, the Property was sold to Defendant HomeSales, Inc. ("HomeSales"). (HomeSales Req. for Jud. Notice, Ex. 6 (Trustee's Deed Upon Sale).) The amount of unpaid debt at that time was $702,087.16. (*Id.*) On or about April 19, 2011, Plaintiffs were given Notice to Vacate the Property, and on or about May 5, 2011, HomeSales, represented by Defendants Randall D. Naiman and Naiman Law Group, PC (collectively "Naiman"), filed an unlawful detainer action against Plaintiffs. (Naiman's Req. for Jud. Notice Ex. 1 (complaint).)

On May 5, 2011, Plaintiffs filed the instant action in this Court. In their initial complaint they alleged claims violation of their constitutional rights under 42 U.S.C. Section 1983, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), quiet title, wrongful foreclosure, slander of title, and fraudulent inducement.

Although the initial as well as the operative complaint lack the requisite jurisdictional allegations, *see* Fed. R. Civ. Proc. 8(a)(1), it is apparent the Court has federal question pursuant to 28 U.S.C. Section 1331 because Plaintiffs alleged claims under federal law. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367(a).[2]

---

[1] Because the exhibit is a public record, the Court takes judicial notice of it. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[2] The Court does not have diversity jurisdiction under 28 U.S.C. Section 1332(a). Original jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. 28 U.S.C. §1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Based in the allegations in the complaint, Plaintiffs are California citizens, as is Mr. Naiman (*see* Naiman Req. for Judicial Notice Ex. 1).

The initial complaint was dismissed with leave to amend pursuant to the order filed August 8, 2011granting Defendant Chase Home Finance, LLC's ("Chase") motion to dismiss. Defendants have filed motions to dismiss the First Amended Complaint. Although Plaintiffs removed Chase from the First Amended Complaint, the same claims remained against other Defendants. Accordingly, Plaintiffs alleged claims for violation of their federal constitutional rights, FDCPA violations, quiet title, wrongful foreclosure, slander of title, and fraudulent inducement. Although not set out as a separate claim, it appears, as before, that Plaintiffs intended to allege a claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*. ("RESPA"). Among other things, they seek damages and declaratory as well as injunctive relief to set aside the foreclosure sale and quiet title to the Property.

## **Discussion**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

In this regard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

/ / / / /

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555. Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

## Constitutional Violations

To state a claim for a section 1983 civil rights violation, a plaintiff has to allege two elements: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege or immunity conferred by the Constitution or the laws of the United States. 42 U.S.C. §1983; *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Federal courts liberally construe the "inartful pleading" of *pro se* litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citations omitted).

All named Defendants are private entities. Plaintiffs alleged, however, that the foreclosure was facilitated by the County Recorder, which permitted U.S. Bank to record the notice of default and other allegedly unlawful documents, and that "Defendants have used the organs and institutions of government to" foreclose on the Property. (*See, e.g.,* First Am. Compl. at 20, 39.) Plaintiffs also allege that Defendants "deliberately misled" the County Recorder to record documents on their behalf. (*Id*. at 36.)

Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). To show the defendant was acting under color or state law, a plaintiff must show that the actions complained of are at least "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). Construing Plaintiffs' allegations with the requisite liberality, it is apparent that none of the Defendants was a state actor and that Defendants' actions are not fairly attributable to the government. Accordingly, Defendants' motions to dismiss the claim for constitutional violations are **GRANTED**.
/ / / / /

Plaintiffs request leave to amend if Defendants' motions are granted, which Defendants oppose. Rule 15 advises the Court that leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint cannot be saved by amendment. *Id*.

The August 8, 2011 order, which dismissed Plaintiffs' section 1983 claim for failure to allege the state actor element, granted Plaintiffs leave to amend in part to give them an opportunity to correct this defect. Plaintiffs filed an amended complaint, but again did not adequately allege a state actor. Accordingly, further leave to amend is denied. Plaintiffs' claim for violation of their constitutional rights is therefore **DISMISSED WITH PREJUDICE**.

### Fair Debt Collection Practices Act

Plaintiffs also alleged Defendants violated the FDCPA in their efforts to foreclose on the Property. The FDCPA applies to debt collectors. *See* 15 U.S.C. § 1692; *see also id.* §§ 1692e & 1692f. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id*. § 1692a(6). Excluded from the definition are creditors and their employees who collect debts on behalf of the creditor. *Id*. § 1692a(6)(a). To the extent Plaintiffs' claim is asserted against U.S. Bank, they were the successor-in-interest to Downey, the original lender, and were collecting the debt on their own account. Plaintiffs do not contend that the principal business of U.S. Bank was debt collection. U.S. Bank therefore was not a debt collector within the meaning of the FDCPA. HomeSales purchased the Property at the foreclosure sale and Naiman filed an unlawful detainer action on its behalf. Accordingly, the actions of HomeSales and Naiman do not constitute an attempt to collect a debt within the meaning of the FDCPA.

1     Plaintiffs' reliance on *Jarman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, __ U.S. __, 130 S. Ct. 1605 (2010), is unavailing to support their argument that Defendants violated the FDCPA. In *Jarman*, Countrywide Home Loans, Inc., a lender, retained a law firm to file a lawsuit to foreclose on Ms. Jarman's residence. *Jarman*, 130 S. Ct. at 1609. Ms. Jarman's subsequent lawsuit against the law firm addressed the issue of the scope of the bona fide error defense to FDCPA liability. *Id*. at 1608-09. The Supreme Court held the bone fide error defense did not extend to the debt collector's mistaken interpretation of FDCPA's requirements. *Id*. at 1608. *Jarman* did not address the issue present here, whether a lender's successor-in-interest, purchaser at the foreclosure sale, or attorney filing a wrongful detainer action on behalf of the purchaser, is a debt collector within the meaning of the FDCPA. Defendants' motions to dismiss the FDCPA claim are therefore **GRANTED**.

    The August 8, 2011 order identified the deficiencies in pleading in Plaintiffs' FDCPA claim; however, Plaintiffs have not cured these deficiencies in their amended complaint. Their claim for FDCPA violations is therefore **DISMISSED WITH PREJUDICE**.

### Real Estate Settlement Procedures Act

    On November 5, 2010, Plaintiffs sent a ten-page letter to U.S. Bank requesting information and numerous documents (the "November 5 Letter"). They contend the letter constituted a qualified written request under 12 U.S.C. Section 2605(e) and that Defendants failed to respond as required by RESPA. (First Am. Compl. at 48 & Ex. H.) RESPA requires loan servicers to respond to borrower inquiries. 12 U.S.C. § 2605(e). However, liability for failure to properly respond is available when the borrower incurred "actual damages . . . as a result of the failure." *Id*. § 2605(f)(1). This issue, and the fact that Plaintiffs had not alleged any damages resulting from the failure to respond to their request, was addressed in the August 8, 2011 order. In their amended complaint, Plaintiffs again have not alleged any damages arising from the alleged failure to respond to their request. Accordingly, to the extent Plaintiffs intended to state a claim for violation of 12 U.S.C. § 2605(e), the claim is **DISMISSED WITH PREJUDICE**.

### State Law Claims

    Because all of Plaintiffs' federal claims are dismissed with prejudice, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, the state law claims are hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The motion to dismiss filed by Defendant HomeSales, Inc. is **GRANTED**.

2. The motion to dismiss filed by Defendant U.S. Bank, N.A. is **GRANTED**, and its alternative motion for a more definite statement is **DENIED** as moot.

3. The motion to dismiss filed by Defendants Randall D. Naiman and Naiman Law Group is **GRANTED**, and their alterative motions to strike the first amended complaint pursuant to California Code of Civil Procedure Section 425.16, and for a more definite statement are **DENIED** as moot.

4. Plaintiffs' claims for violations of 42 U.S.C. Section 1983, FDCPA and RESPA are **DISMISSED WITH PREJUDICE**. Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5. The Clerk is hereby directed to enter judgment consistent with this order.

**IT IS SO ORDERED.**

DATED: November 28, 2011

_____
HON. DANA M. SABRAW
United States District Judge